**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar No. 207387
Email: *Decker@luch.com*
Sareen K. Boyadjian, State Bar No. 362115
Email: *skboyadjian@luch.com*
200 South Los Robles Avenue, Suite 500
Pasadena, California 91101-2432
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,

Plaintiffs,

vs.

INDUSTRIAL COMMERCIAL ENVIRONMENTAL SERVICES LLC, a California limited liability company,

Defendant.

CASE NO.: 2:26-cv-1389

**COMPLAINT FOR:**

**BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]**

Plaintiffs, TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

///

///

///

///

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust (collectively, "Trustees"), are the Trustees of the five express trusts ("Trusts") created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. All of the Trusts referenced above are administered by Trustees in Los Angeles County. Plaintiffs, as Trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff, Fund for Construction Industry Advancement, is an employer established and administered trust formed and created to protect and expand the interests of the construction industry. Plaintiff, Engineers Contract Compliance Committee Fund, was established by Local 12 in accordance with section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff, Southern California Partnership for Jobs Fund is an industry-wide

advancement fund established by the employers and Local 12. All plaintiffs are collectively referred to herein as the "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

7. At all times material herein, Defendant, Industrial Commercial Environmental Services LLC, a California limited liability company, has been a limited liability company duly organized and existing by virtue of the laws of the State of California with its principal place of business located in Wilmington, California.

**BARGAINING AGREEMENT AND STATUS OF PARTIES**

8. On or about October 23, 2023, Defendant executed and delivered to Local 12 a written collective bargaining agreement ("Agreement"), whereby Defendant agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing agreements between various multi-employer associations and Local 12. In particular, Defendant agreed to be bound by the written Master Construction Agreement ("Master Agreement") in effect between Local 12 and the Southern California Contractors Association, Inc. ("Association"). At all times since at least October 23, 2023, the Master Agreement has been a written collective bargaining agreement in effect between the Association and Local 12.

9. Plaintiffs are informed and believe, and thereon allege, that the terms and provisions of the Trust Agreements are incorporated by reference into the Master Agreement, and therefore Defendant is bound to the Trust Agreements. On October 23, 2023, Defendant signed an Acknowledgement and Acceptance of the Trust Agreements.

///

10. At all times material herein, Defendant has been obligated to the terms and provisions of the Master Agreement and Trust Agreements.

11. Defendant is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Defendant was "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145] during the Relevant Time Period. Plaintiffs are informed and believe, and thereon allege, that Defendant is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. § 142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## CLAIM FOR RELIEF

### Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]

12. Plaintiffs hereby incorporate by reference paragraphs 1 through 11 above to the same effect as if set forth here verbatim.

13. Section 515 of ERISA [29 U.S.C. § 1145], provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

14. Defendant is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and was *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145] during the Relevant Time Period.

15. By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

///

///

A. Defendant agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. The Monthly Reports are either submitted in hard copy or electronically through an online reporting portal;

B. At all times material herein, Defendant was obligated to submit Monthly Reports and pay contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month;

C. Defendant agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

D. Defendant agreed to pay to Plaintiffs fringe benefit contributions, benefits, and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

16. Defendant submitted Monthly Reports to Plaintiffs for work performed by its employees during the month of November 2023. Defendant violated the Master Agreement and Trust Agreements, and its statutorily mandated obligation under section 515 of ERISA [29 U.S.C. § 1145], to timely pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and related Trust Agreements for that work. Based on Defendant's Monthly Reports submitted to Plaintiffs for the work month of November 2023, Defendant admits owing Plaintiffs fringe benefit contributions totaling at least $1,306.00. Fringe benefit contributions in the amount of $1,306.00 is due and payable at Plaintiffs' administrative offices in Pasadena, California.

17. On or about February 4, 2025, and on other numerous occasions, Plaintiffs sent Defendant written requests to conduct an audit of its payroll and related records pursuant to the terms of the Master Agreement. Plaintiffs are informed and believe, and thereon allege, that Defendant has breached the Master Agreement and/or related Trust Agreements in that it has failed to produce sufficient documents to allow Plaintiffs to conduct an audit and/or failed to pay to Plaintiffs fringe benefit contributions and/or other amounts due, and/or failed to allow Plaintiffs to conduct an audit of its records, all as required by the Master Agreement, and/or related Trust Agreements for the time period of October 1, 2023, forward.

18. Plaintiffs are informed and believe, and thereon allege, that Defendant breached the Master Agreement and related Trust Agreements in that it failed to produce documents necessary to allow Plaintiffs to conduct an audit and failed to pay to Plaintiffs fringe benefit contributions and/or related amounts due, as required by the Master Agreement and/or related Trust Agreements. Defendant's refusal to allow an audit of its payroll and related records constitutes a breach of the Master Agreement and/or related Trust Agreements in and of itself.

19. Plaintiffs are informed and believe, and thereon allege, that Defendant has failed to pay fringe benefit contributions not presently known to Plaintiffs. Due to Defendant's refusal to permit an audit, the exact amount of contributions and/or contract damages due and owing has not been ascertained at this time. These amounts will be established by proof at the trial herein. The amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

20. Defendant is "*delinquent*" as that term is used in the Master Agreement and related Trust Agreements.

21. Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Defendant's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

22. Pursuant to the Master Agreement, Defendant agreed that in the event Defendant failed to pay or to timely pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Defendant would be considered delinquent and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency. Defendant owes the Plaintiffs liquidated damages in amounts to be established by proof.

23. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan:(i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

24. Pursuant to the written Operating Engineers Trust Funds Joint Contribution Committee Collection Policy & Procedures ("Joint Collection Policy") promulgated by Plaintiffs pursuant to the authority granted to them by the Master Agreement and/or Trust Agreements, interest on unpaid or untimely paid fringe benefit contributions shall be calculated at 8% per annum. The Joint Collection Policy also provides that liquidated damages shall be assessed at 10% of unpaid or untimely paid contributions.

25. Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)],

Defendant owes Plaintiffs liquidated damages. The exact amount of liquidated damages owed by Defendant to Plaintiffs will be established by proof.

26. Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Defendant owes Plaintiffs interest calculated at 8% per annum from the respective due dates on all unpaid or untimely paid fringe benefit contributions. The exact amount of interest owed by Defendant to Plaintiffs will be established by proof.

27. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

28. Pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(E), Plaintiffs are entitled to their audit costs in connection therewith. The exact amount of audit fees due and payable has not been ascertained at this time. These amounts will be established by proof.

29. Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the Plaintiffs' judgment, Plaintiffs request the Court to:

29.1 Order Defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement, and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Plaintiffs;

///

///

29.2 Order Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Plaintiffs, in an amount determined by the Court to be appropriate;

29.3 Order the creation of a constructive trust for the full amount determined to be due the Plaintiffs on all applicable property of Defendant, and order the transfer of the applicable property to the Plaintiffs; and

29.4 Order Defendant, its representatives, agents and associates, to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, contract damages, benefits, withholdings, liquidated damages, legal fees, audit fees, and other expenses and damages incurred.

30. Plaintiffs also seek injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

30.1 Order Defendant to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to Plaintiffs for the time period of October 1, 2023, forward; and

30.2 Order Defendant to permit Plaintiffs' auditor access to the wage and payroll books and business records of Defendant in order to permit Plaintiffs to verify the precise amounts owed by Defendant to Plaintiffs.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. For unpaid fringe benefit contributions in amounts as proved;
2. For damages in amounts as proved;
3. For liquidated damages as proved;
4. For interest as proved;
5. For audit costs as proved;
6. For reasonable attorneys' fees and costs of suit incurred, in amounts as proved; and

///

7. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

7.1 Order Defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement, and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to Plaintiffs;

7.2 Order Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs, in an amount determined by the Court to be appropriate;

7.3 Order the creation of a constructive trust for the full amount determined to be due Plaintiffs on all applicable property of Defendant, and order the transfer of the applicable property to Plaintiffs; and

7.4 Order Defendant, its representatives, agents and associates, to pay to the Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid contributions, contract damages, benefits, withholdings, liquidated damages, legal fees, audit fees, and other expenses and damages incurred.

8. Plaintiffs also seek injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

8.1 Order Defendant to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to Plaintiffs;

8.2 Order Defendant to permit Plaintiffs' auditor access to the wage and payroll books and business records of Defendant in order to permit Plaintiffs to verify the precise amounts owed by Defendant to Plaintiffs for the Relevant Time Period. Said documents would include, but not be limited to, the following unredacted documents: payroll records, certified payroll records, time cards, payroll registers, cancelled checks and check stub registers, payroll ledger, general ledger,

forms 1099's and 1096's, forms W-2 and W-3 wage and tax statements, accounts receivable listings, cash disbursement journals, job cost records, vendor invoices, subcontracts, invoices related to subcontracted work, cash receipts journals, quarterly federal and state payroll tax returns, payroll records for related companies, employer contributions reports and cancelled checks regarding contributions owed/paid to other Trust Funds, detailed worker's compensation insurance reports, and any other books and records that may be necessary in order to determine the sums owed by Defendant to Plaintiffs.

Dated: February 10, 2026 Respectfully Submitted,

LAQUER, URBAN, CLIFFORD & HODGE LLP

By: */s/ Marija Kristich Decker*
Marija Kristich Decker
Sareen K. Boyadjian
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

**WAIVER OF JURY TRIAL**

Plaintiffs hereby waive a jury trial in this action.

Dated: February 10, 2026 Respectfully Submitted,

LAQUER, URBAN, CLIFFORD & HODGE LLP

By: */s/ Marija Kristich Decker*
Marija Kristich Decker
Sareen K. Boyadjian
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.